IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

PORTCO, INC.,

                Plaintiff,

v.                                   Civil Action No. 3:12cv751-JAG

NISH,

PROFESSIONAL CONTRACT SERVICES, INC.,

DIDLAKE, INC., and

JOHN and/or JANE DOES 1-200,

                Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the issue of subject matter jurisdiction. (Dk. Nos. 32, 34, and 36.) The defendants removed this case from the Circuit Court of the City of Portsmouth, Virginia, to this Court. Because the case does not present a federal question, the Court lacks jurisdiction and remands the case to the Portsmouth Circuit Court. One of the parties has moved the Court to transfer the case to the U.S. Court of Federal Claims. Because the case does not involve wrongful action by the government, the Court denies the motion to transfer the case to the Court of Federal Claims.[1]

PORTCO, Inc. ("PORTCO") brought this suit against (1) NISH, (2) Professional Contract Services, Inc. ("PCSI"), and (3) Didlake, Inc. ("Didlake"). NISH serves as a central nonprofit and non-governmental agency that distributes certain government orders among vendors. PCSI,

---

[1] The Court raised the issue of federal question jurisdiction *sua sponte*. NISH raised the Court of Federal Claims jurisdictional issue in its motion to dismiss under Fed. R. Civ. P. 12(b)(1).

Didlake, and PORTCO are private entities that compete with each other for government contracts given out by NISH. PCSI, Didlake, and PORTCO use disabled workers to perform their contracts. This case involves allegations against NISH for allegedly not following its own policy guidelines when recommending an organization for a federal procurement contract. Pointedly, PORTCO does *not* challenge the government's award of a contract or any other government action. Rather, PORTCO challenges the actions of three private organizations.

PORTCO brings various claims against the defendants in its first amended complaint. PORTCO asserts two counts against all of the defendants: (1) unjust enrichment and (2) a violation of the Virginia Business Conspiracy Act, Va. Code §§ 18.2-499–500. Additionally, PORTCO asserts the following counts against NISH only: (1) breach of contract, (2) breach of implied in fact contract, (3) interference with prospective business expectancy, (4) a violation of the Virginia Business Conspiracy Act, (5) fraud, and (6) fraudulent concealment. All nine claims arise under Virginia law.[2]

The Court finds that it lacks subject matter jurisdiction over the case and thus remands this case to the Circuit Court of the City of Portsmouth pursuant to 28 U.S.C. § 1447(c). The Court has no federal question jurisdiction because the case does not present a substantial question of federal law. Additionally, the Court finds that the case does not fall in the exclusive jurisdiction of the Court of Federal Claims because the plaintiff does not challenge any government action.[3]

---

[2] The complaint that the defendants removed from state court contained a count for a violation of 28 U.S.C. § 8501 et seq., which PORTCO eliminated in its first amended complaint.

[3] The defendants all moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court's jurisdictional ruling renders those motions moot.

# I. Background

The Javits Wagner O'Day Act ("JWOD Act"), 41 U.S.C. § 8501 *et seq*, commonly known as the "AbilityOne Program," mandates that government agencies procure specified goods and services from nonprofit agencies employing blind people and people with other severe disabilities. The Committee for Purchase from People Who Are Blind or Severely Disabled ("the Committee")[4] administers the AbilityOne Program. The Committee determines what products and services might be suitable for the procurement list and identifies which nonprofit agencies meet the initial criteria to participate in the Program. The Committee designated two national, independent organizations as the central nonprofit agencies to help facilitate the Committee's distribution of government contracts.

NISH, a private organization, serves as one of the central nonprofit agencies. NISH's responsibilities include (1) evaluating nonprofit agency qualifications and capabilities, (2) providing the Committee with this information, (3) recommending to the Committee suitable products and services for procurement from its nonprofit agencies, and (4) allocating government orders among nonprofit agencies after Committee approval. NISH may distribute orders only to Committee-approved nonprofit service providers. Where the Committee has approved two or more providers to provide a product or service, NISH has authority to allocate orders among the approved providers.

While NISH must follow the policy guidelines of the Committee, NISH also has created its own policy guidelines on the procedures (referred to as "Best Practices") the organization will

---

[4] According to PORTCO, in its first amended complaint, the Committee has updated its name to the "Commission." But, because the statute and regulations refer to it as the Committee, the Court also refers to it as the Committee.

follow when recommending a nonprofit organization to the Committee. NISH provides these guidelines in NISH's AbilityOne Program Bulletin No. B.

NISH refers to the nonprofit agencies that it recommends and works with as qualified Community Rehabilitation Programs ("CRPs"). According to its Best Practices, NISH electronically notifies its CRPs of available opportunities by posting a Sources Sought Notice on its website. Interested CRPs then submit their Sources Sought Notice response for NISH's consideration.

NISH's Best Practices provide that sole-sourcing an assignment to a CRP may occur in limited circumstances. This could occur when a CRP brings a previously undocumented project opportunity to NISH's attention. The Best Practices further provide that any CRP which demonstrates that it has actively taken steps to identify and bring forward such opportunities will receive the opportunity on a first-come, first-considered basis, provided it meets all other criteria for distribution.

PORTCO, a nonprofit agency headquartered in Portsmouth, alleges that it worked with the Naval Medical Center-Portsmouth ("NMCP") Contracting Authority for several years, beginning sometime in 2002, cultivating, marketing, and developing its services to bring the contracting opportunity to NISH. PORTCO understood NISH's Best Practices to mean that PORTCO would receive the NMCP opportunity on a sole-sourced basis. According to PORTCO, by not recommending PORTCO for the opportunity, NISH violated its Best Practices.

## II. Discussion

### A. Federal Question Jurisdiction

Federal law requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case], the case shall be remanded." 28 U.S.C. §

1447(c). "In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chasis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Federal question jurisdiction does not exist in this case because the claims do not turn on a substantial question of federal law.

*1. Substantial Question of Federal Law Doctrine*

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

To determine whether a claim arises under federal law, a court, under the "well-pleaded complaint" rule, looks only to the plaintiff's complaint. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). If federal law creates the cause of action, subject matter jurisdiction exists. Where state law creates a plaintiff's cause of action, however, the case might still arise under the laws of the United States if a well-pleaded complaint establishes that the plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. *Franchise Tax Bd.*, 463 U.S. at 13.

A party seeking to establish federal jurisdiction under the substantial federal question doctrine must demonstrate that a complaint: (1) states a federal issue; (2) the federal issue is actually disputed and substantial; and (3) the exercise of jurisdiction will not disturb the

congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005).

*2. Analysis*

This Court does not have subject matter jurisdiction over PORTCO's claims. Although both the plaintiff and the defendants assert that a federal question exists, they have not pointed to any federal law or regulation at issue that is actually disputed and substantial.

The first and second *Grable & Sons* factors closely relate to one another—the case must raise a federal issue and that federal issue must be substantial and in dispute. *Grable & Sons Metal Prods, Inc.*, 545 U.S. 308, 313-14 (2005). The defendants all rely on the plaintiff's assertion that NISH allegedly violated federal regulations promulgated under the JWOD Act, 41 U.S.C. § 8501 *et seq.* when NISH did not issue a Sole Source Notice to PORTCO. The parties rely on two regulations promulgated under the JWOD Act in an attempt to show a federal violation.

First, the parties rely on 41 C.F.R. § 51-3.2(f). This regulation provides that each central nonprofit agency shall distribute orders among its nonprofit agencies within the policy guidelines of the *Committee*. 41 C.F.R. § 51-3.2(f). The parties, however, interpret the regulation to mean that NISH must distribute orders from government activities among its CRPs within *NISH's* policy guidelines, e.g. the Best Practices. The parties' interpretation of the federal regulation leads the parties to conclude that NISH violated federal law by not adhering to its own Best Practices. NISH's Best Practices, however, are policy guidelines created by a private entity regarding the process it will follow when recommending organizations to the Committee. The parties cannot cite to any of the Committee's own policy guidelines that refer to the process NISH must follow when recommending an organization.

6

Second, the parties argue that the regulations require NISH to distribute orders among its CRPs in a fair and equitable manner pursuant to 41 C.F.R. § 51-3.4. This regulation, however, requires such distribution by NISH only when the Committee *approves two or more nonprofit agencies to furnish a specific product or service*. The complaint, however, does not allege that PORTCO is one or more nonprofit agencies approved to furnish a specific product or service. The Committee did not approve PORTCO, which forms the basis of PORTCO's entire complaint. Thus, contrary to what the parties argue, this section of the regulation is not applicable to the case.

Additionally, the parties fail to establish the third *Grable & Sons* factor: that federal jurisdiction will not disturb any congressionally approved balance of federal and state responsibilities. *Grable & Sons Metal Prods, Inc.*, 545 U.S. 308, 313-14 (2005). PORTCO has asserted nine state law claims against the defendants including two state business conspiracy act claims. The state has a substantial interest in deciding state law claims, particularly where the resolution of those claims does not require interpretation of federal law or federal regulations.[5]

---

[5] The Court reiterates that it is basing its decision to remand on a finding that subject matter jurisdiction does not exist over the first amended complaint. *See Cox v. Cawley*, 3:11CV557-HEH, 2011 WL 4828890 (E.D. Va. 2011). In contrast to the first amended complaint, the original complaint, did raise a federal question. A district court has the power to continue to hear claims that defendants have removed under § 1441, even after the plaintiff eliminates the jurisdictionally sufficient claim that provided the basis for removal. § 3739 Remand, 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed.); *see Jones v. Dacosta*, 930 F. Supp. 223, 225-26 (D. Md. 1996). Federal courts, however, also have an inherent power to remand removed state law claims when the federal claims drop out of the case. *Hinson v. Norwest Fin. S.C. Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (citing *Carneigie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claim if:
> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The parties have not urged the Court to exercise its supplemental jurisdiction in this case. Even if they did so, the outcome remains the same. This Court still has

The essence of PORTCO's complaint is that NISH, a private entity, failed to follow its own internal policy guidelines and that PCSI and Didlake conspired with NISH to do this. This simply does not raise a federal claim. A private organization's alleged failure to follow its own "Best Practices" does not provide the Court with federal question jurisdiction.

*B. Court of Federal Claims Jurisdiction*

While at the same time arguing that this Court has subject matter jurisdiction over the case, NISH also argues that the Court of Federal Claims has exclusive jurisdiction over this case pursuant to 28 U.S.C. § 1491(b)(1) and thus the case should be dismissed per Fed. R. Civ. P. 12(b)(1). The Court finds that the Court of Federal Claims does not have exclusive jurisdiction over this matter.

*1. Fed. R. Civ. P. 12(b)(1) Standard*

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780–81 (E.D. Va. 2002). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F.

---

the discretion to remand the remaining state law claims. The § 1367(c) factors clearly favor remand: the plaintiff disposed of the single federal claim early in the litigation, nine state law claims remain and thus predominate, and a remand serves the principles of economy, convenience, fairness, and comity at this early point in the litigation. *See Hinson*, 239 F.3d at 617-18.

Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219. Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

*2. Analysis*

The Tucker Act, 28 U.S.C. § 1491, gives the Court of Federal Claims exclusive jurisdiction over certain types of claims. In 1996, the Administrative Dispute Resolution Act amended the Tucker Act giving federal district courts and the Court of Federal Claims subject matter jurisdiction to:

> render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1). The Tucker Act, however, contained a sunset provision stating that "[t]he jurisdiction of the district courts of the United States over the actions described in § 1491(b)(1) of title 28, United States Code . . . shall terminate on January 1, 2001." *Id.* (codified at 28 U.S.C. § 1491(b) note (2004) (Sunset Provision)). Congress did not act, and the sunset provision has since taken effect. *See Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1329 n.2 (Fed. Cir. 2004); *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071, 1079 (Fed. Cir. 2001); *Balt. Gas & Elec. Co. v. United States*, 290 F.3d 734, 737 (4th Cir. 2002).

NISH relies on the language of 28 U.S.C. § 1491(b)(1) to argue that the Court of Federal Claims has exclusive jurisdiction over the case. NISH argues that at the heart of PORTCO's

complaint lies a challenge to a government procurement process. In contrast, PORTCO argues that its complaint does not challenge government action at all, but rather a private organization's failure to follow its own policy guidelines. The Court finds that PORTCO has not challenged any government action and thus the Court of Federal Claims does not have exclusive jurisdiction.

NISH relies on two cases to support its assertion that the Court of Federal Claims has exclusive jurisdiction: *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340 (Fed. Cir. 2008) and *Bona Fide Conglomerate, Inc. v. United States*, 96 Fed. Cl. 233 (Fed. Cl. 2010). Both cases, however, involve challenges to a *government* decision and *government* actions in the procurement process and are thus distinguishable from the instant case.

In *Distributed Solutions*, the Court of Federal Claims held that exclusive jurisdiction existed because the plaintiffs were not contesting a private organization's award of subcontracts, but rather were contesting the government's decision to task a private organization with awarding subcontracts. *Distributed Solutions, Inc.*, 539 F.3d at 1343-44. Additionally, the court found that the plaintiffs had "alleged a number of statutory and regulatory violations *by the government* in choosing to forego the direct competitive procurement process." *Distributed Solutions, Inc.*, 539 F.3d at 1345 (emphasis added). Thus, in *Distributed Solutions*, the plaintiffs challenged a government decision and government actions that allegedly violated federal regulations.

Similarly, in *Bona Fide*, the plaintiff challenged the Committee's adoption of NISH's recommendation in connection with the government's award of a contract. *Bona Fide Conglomerate, Inc.*, 96 Fed. Cl. at 240-42. Thus, in both cases the Court of Federal Claims found jurisdiction based on a finding that the plaintiff was challenging a *government* decision, *government* action, or an alleged violation of federal law by the *government*.

Moreover, "[t]he jurisdiction of the Court of Federal Claims is limited to suits against the United States." *Maxwell v. United States*, 104 Fed. Cl. 112, 117 (Fed. Cl. 2012) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The Court of Federal Claims does not have jurisdiction to entertain controversies between private parties. *Hufford v. United States*, 85 Fed. Cl. 607, 608 (Fed. Cl. 2009). The instant case involves three private party defendants. The plaintiff has not named the United States as a defendant.

Finally, this Court recently held in *GTSI Corp. v. Wildflower Int'l Inc.*, No. 1:09cv123, 2009 WL 2160451 (E.D. Va. July 17, 2009), that the Court of Federal Claims lacked exclusive jurisdiction over a similar case. In *GTSI*, the Court found that the "allegedly nefarious maneuverings" of an organization related to a federal procurement process "d[id] not automatically strip this Court of jurisdiction over . . . the four state law claims." *GTSI Corp. v. Wildflower Int'l Inc.*, No. 1:09cv123, 2009 WL 2160451 at *4 (E.D. Va. July 17, 2009).[6] The Court found that the Court of Federal Claims did not have exclusive jurisdiction because the counter-plaintiff did not challenge a government action. *Id.* Additionally, the Court of Federal Claims lacked jurisdiction over the counterclaims because "it only has jurisdiction over suits against the United States," not private parties. *Id.*

In the instant case, PORTCO does not challenge any government decision or action. Rather, PORTCO challenges the actions of three private organizations. NISH asks the Court to look past this critical element and find that the Court of Federal Claims has exclusive jurisdiction. The Court declines to do so.

---

[6] In *GTSI*, the parties invoked subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Pl.'s Comp., 1:09-cv-00123, Dk. No. 112.)

### C. 12(b)(6) Motions to Dismiss

In light of the Court's conclusion that it lacks subject matter jurisdiction over the plaintiff's claims, it denies the motions to dismiss as moot. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction.").

### III. Conclusion

PORTCO's claims, as discussed above, stem from NISH's alleged violations of its Best Practices rather than a violation of a federal law or regulation. Because the determination of PORTCO's right to relief does not turn on the interpretation of federal law or regulations, the Court does not have subject matter jurisdiction over PORTCO's case under the substantial federal question doctrine. The Court also finds that the Court of Federal Claims does not have exclusive jurisdiction over the case because PORTCO does not challenge any government action. Thus, the Court remands this case to the Circuit Court of the City of Portsmouth pursuant to 28 U.S.C. §1447(c).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall accompany.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: June 12, 2013
Richmond, VA